IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE ALLISON MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3056 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Defendant. | ) | |

Maurice Allison Moore asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against the Nebraska Department of Health and Human Services ("HHS") for interfering in the plaintiff's relationship and visitation with his minor son, Taylor Moore. The plaintiff asserts his parental interest in access to his son, which is a constitutionally protected liberty interest. <u>Wilkinson ex rel. Wilkinson v. Russell</u>, 182 F.3d 89, 103-04 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 1155 (2000) (internal quotation marks omitted). Accord <u>Manzano v. South Dakota Dept. of Social Services</u>, 60 F.3d 505, 509 (8th Cir. 1995): "Our court has recognized the liberty interest which parents have in the care, custody, and management of their children." "[T]he Constitution recognizes both a protectible procedural due process interest in parenting a child and a substantive fundamental right to raise one's child." <u>Bartell v. Lohiser</u>, 215 F.3d 550, 557 (6th Cir. 2000).

However, the right to family integrity, that is, a parent's right to the care, custody and management of a child, is not absolute and is limited by the compelling governmental interest in the protection of minor children. <u>Manzano v. South Dakota Dept. of Social Services</u>, 60 F.3d at 509-10.

This is the second case filed by the plaintiff concerning his ongoing conflict with HHS over the exercise of his parental rights with respect to Taylor Moore. The claims asserted by the plaintiff in this case wholly overlap the plaintiff's claims in Case No. 4:06cv3150, <u>Maurice Allison Moore v. HHS</u>, which has been pending as an active case in this court since June 22, 2006, before Chief Judge Joseph F. Bataillon. In the above-entitled action, the plaintiff addresses more recent events in the dispute, but not different

claims, legal issues or factual context.

The plaintiff does not require two cases in which to present the same claims against the same defendant, and, in fact,"plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000).  "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted).  Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

Because of the overlapping claims, issues, law, witnesses, risk of inconsistent judgments and other problems associated with two virtually identical cases, the above-entitled action, i.e., the second case to be filed, will be dismissed without prejudice.  The plaintiff may move for leave to supplement his complaint in Case No. 4:06cv3150, if appropriate.

THEREFORE, IT IS ORDERED:

1. That the above-entitled case is dismissed without prejudice as a duplicate of Case No. 4:06cv3150 in virtually all important respects;

2. That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis in the above-entitled case, is denied as moot; and

3. That judgment will be entered in accordance with this Memorandum and Order.

March 26, 2007.              BY THE COURT:


                             s/ *Richard G. Kopf*
                             United States District Judge